IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-77,004 and AP-77,005




EX PARTE SHERWOOD LYNN GEORGE, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W09-54599-T(A) AND W09-54600-T(A)
IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
robberies and sentenced to concurrent terms of eight years’ imprisonment. He did not appeal his
convictions. 
            Applicant contends that his pleas were involuntary because his trial counsel failed to
communicate or adequately advise him where counsel did not meet with Applicant until 8.5 months
after appointment and only one more time the day before trial was to commence, failed to prepare
for trial by interviewing a witness he was informed of and who has provided an affidavit stating he
committed the offense and not Applicant, failed to investigate whether Applicant was incompetent
to enter guilty pleas due to Applicant’s history of mental illness, and failed to discover that Applicant
was actually innocent. The trial court held an evidentiary hearing at which trial counsel testified, and
it recommends granting relief on the involuntary plea claims. There is no finding of actual innocence.
            After an independent review of the record, this Court agrees that Applicant’s guilty pleas
were not voluntary. See Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Morrow, 952
S.W.2d 530 (Tex. Crim. App. 1997). Relief is therefore granted. The judgments in Cause Nos. F-0954599-T and F-0954600-T in the 283rd District Court of Dallas County are set aside, and
Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set
out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after
the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: March 27, 2013
Do not publish